**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

A.M.

                        Plaintiff,

v.                                             CIVIL ACTION NO.   2:22-cv-00421

ANTHONY DEMETRO, et al.,

                        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 21.)   For the reasons discussed herein, the Court **GRANTS** the motion.

## I.   *BACKGROUND*

This matter arises out of incidents where Defendant Anthony Demetro ("Demetro") allegedly sexually harassed and assaulted Plaintiff while acting as her West Virginia Division of Corrections and Rehabilitation ("WVDCR") parole officer.   (*See* ECF No. 1.)   According to the Complaint, Plaintiff was released on parole, and Defendant Demetro was assigned to supervise Plaintiff.   (*Id.* at 7, ¶¶ 32–34.)   Plaintiff claims that Defendant Demetro sexually harassed and sexually assaulted her during home checks while he was on duty as her patrol officer.   (*Id.* at 7–8, ¶¶ 35–40.)

Defendant Matthew Currence ("Currence"), Parole Services Supervisor for WVDCR, allegedly knew of Defendant Demetro's "propensity to harm female offenders he was supervising,

1

including Plaintiff, yet failed to take any action" against Defendant Demetro.   (*Id.* at 7, ¶ 31.)
Plaintiff asserts that "at least one other offender being supervised by [Defendant] Demetro . . .
openly complained to another parole officer that [Defendant] Demetro was sexually abusive and
had sexually assaulted her," but that officer's claims "were dismissed by Defendant Currence and
other officers in the Parkersburg Parole Office."   (*Id.* at 9, ¶ 45.)   Plaintiff also claims that "on or
about early October 2021, two counsellors and a nurse practitioner employed by a local
rehabilitation facility reported Demetro to the WVDCR for sexually abusive conduct reported to
them by another offender under his supervision."   (*Id.* ¶ 47.)   Yet, notwithstanding these prior
allegations, Plaintiff states that Defendants WVDCR and Currence "continued to employ and
retained [Defendant] Demetro, took no measures to ensure that he was not allowed to interact with
female offenders . . ., took no measure to ensure the safety, security, and constitutional rights of
female offenders . . ., including Plaintiff, and failed to properly monitor and supervise [Defendant]
Demetro."   (*Id.* at 10, ¶ 51.)

Plaintiff filed the present lawsuit on September 9, 2022, against Defendants Demetro,
Currence, and WVDCR.   (*Id.*)   As to Defendant Demetro, Plaintiff asserts claims for (1) assault
and battery, (2) violation of Plaintiff's Eighth Amendment rights under 42 U.S.C. § 1983, (3)
violation of Plaintiff's Fourteenth Amendment Rights under 42 U.S.C. § 1983, (4) state law claims
for negligence, and (5) intentional infliction of emotional distress.   (*Id.* at 12–20.)   Plaintiff also
asserts state law claims of negligence against Defendants Currence and WVDCR.   (*Id.* at 16–19.)

Subsequently, on November 18, 2022, Plaintiff filed the pending motion to add David
Jones ("Jones") as a defendant, and to include Defendant Currence in the two counts of
constitutional violations asserted in the original Complaint.   (ECF No. 21.)   Defendant Currence

filed a timely response, (ECF No. 26), and Plaintiff filed a timely reply, (ECF No. 32).   As such, this motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

"Although the decision whether to grant leave rests within the sound discretion of the district court, the federal rules strongly favor granting leave to amend."   *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993) (citing *Nat'l Bank v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988)).   Under Rule 15(a) of the Federal Rules of Civil Procedure, unless a party is permitted to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a).

However, it "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (clarifying that "[a] district court's denial of leave to amend is appropriate" only under these three circumstances).   Of relevance, "[a] proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss."   *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks omitted).   "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."   *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980), *cert. dismissed*, 448 U.S. 911 (1980).   Rather, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment

is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986) (emphasis added).

## III.    DISCUSSION

In this case, Plaintiff moves to amend her complaint to add a new defendant, Jones, as well as assert additional claims against Defendant Currence.   (ECF No. 21.)   Defendant Currence only opposes the motion as it relates to himself.   (*See* ECF No. 26.)   Nevertheless, the Court will address the addition of Jones and additional claims asserted against Defendant Currence in turn.

### A.  David Jones

Plaintiff asserts that she did not learn of Jones's "excessive involvement" in the underlying events until after she filed the Complaint.   (ECF No. 21 at 1.)   In her reply, Plaintiff states that, at all relevant times, Jones, former Regional Director of Parole for WVDCR, acted as Defendant Demetro's supervisor, but, at the time she filed the Complaint, she was "without the benefit of the internal knowledge of the WVDCR's employment structuring information . . .."   (*See* ECF No. 32 at 1–2.) Further, after filing the Complaint, Plaintiff claims she became aware of the criminal charges pending against Jones, as well as the fact that Jones entered into a plea agreement in a federal criminal investigation "of the very same actions by Defendant Anthony Demetro that are detailed in Plaintiff's Complaint."   (*Id.*)   According to Plaintiff, Jones's plea agreement, which was filed on November 18, 2022, (ECF No. 21-1 at 31), "establishes the complicity of David Jones" in Defendant Demetro's sexual harassment and abuse of Plaintiff, (ECF No. 32 at 2).

After a review of the record, the Court concludes that Plaintiff has not acted in bad faith, and neither Jones nor any defendants would suffer undue prejudice by the adding Jones as a defendant. Likewise, at this juncture, the Court cannot find that Plaintiff's claims against Jones would be futile. Thus, Plaintiff's motion is **GRANTED** insofar as she seeks to add Jones as a defendant.

### B.  *Defendant Currence*

Plaintiff also seeks to assert supervisory liability claims under § 1983 against Defendant Currence for alleged violations of her Eighth and Fourteenth Amendments.  (*See* ECF No. 21 at 2; ECF No. 21-1 at 17–21.)  For her Eighth Amendment claim, she asserts that Defendant Demetro violated her right to be free from cruel and unusual punishment.  (ECF No. 21-1 at 17, ¶ 87.)  For her Fourteenth Amendment claim, Plaintiff alleges that Defendant Demetro violated her liberty interest and her right to be free from unjustified intrusions on personal security without due process.  (ECF No. 21-1 at 20, ¶ 102.)  Now, she seeks to hold Defendant Currence liable for his alleged failure to supervise Defendant Demetro.[1]  (*See* ECF No. 21-1 at 17–21.)

Conversely, Defendant Currence argues that Plaintiff's motion should be denied as futile because "Plaintiff has not plausibly asserted a claim under either the Eighth or Fourteenth amendments" against him.[2]  (ECF No. 26 at 3–6.)  Defendant Currence insists that "[t]here are no such facts in Plaintiff's Complaint or proposed Amended Complaint" to support either of Plaintiff's § 1983 claims against Defendant Currence and that "Plaintiff alleges that Demetro's direct supervisor, Jones, was aware of the conduct and intentionally and criminally withheld the information from his supervisors, including Currence."  (*Id.*)  The Court disagrees.

---

[1]  Although unclear, it also appears that Plaintiff asserts a claim for deliberate indifference under her Eighth Amendment claim.  (ECF No. 21-1 at 18, ¶ 91 (claiming that Defendant Currence failed in his duty to provide plaintiff with "constitutionally safe and secure conditions").)  This Court has recently warned Plaintiff's counsel of asserting multiple causes of action in a single count and reiterates that warning now.  *See Fields v. King*, 576 F. Supp. 3d 392, 400, n. 2 (S.D. W. Va. 2021).  However, because Defendant Currence only addresses the supervisory liability claim, the Court will restrict its analysis to the same for purposes of resolving Plaintiff's motion.

[2]  Defendant Currence notes that he filed a Motion to Dismiss on November 14, 2022, which he attempts to "adopt[] and incorporate[]" for support, and claims that "the proposed Amended Complaint does not cure the defects" that are purportedly reflected in that pending motion.  (ECF No. 26 at 3.)  However, because Plaintiff is seeking to add federal claims against Defendant Currence, his pending motion to dismiss—which addresses state law claims and defenses—is irrelevant in resolving the pending motion.

In order to succeed on a § 1983 claim for supervisory liability, a plaintiff must show the following three elements:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).

As to the first element, "[e]stablishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.* As to the second element, a plaintiff "may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." *Id.* (internal quotation marks omitted). Finally, as to the third element, "proof of causation may be direct . . . where the policy commands the injury of which the plaintiff complains . . . or may be supplied by the tort principle that holds a person liable for the natural consequences of his actions." *Id.* (internal quotation marks and alterations omitted).

In this case, Plaintiff alleges that Defendant Demetro has sexually harassed and/or sexually assaulted her on multiple occasions. (ECF No. 21-1 at 11–12, ¶¶ 58–62.) She also claims that Defendant Demetro has sexually abused and sexually assaulted at least one other victim. (*Id.* at 13, ¶ 67.) According to Plaintiff, she reported the sexual harassment and sexual assaults she was subjected to by Defendant Demetro, (*id.* at 12–13, ¶¶ 63–65), and that the other victim also complained that Defendant Demetro was sexually abusive and had sexually assaulted her, (*id.* at 21-1 at 13, ¶ 67; *see also id.* ¶ 69). In fact, Plaintiff alleges that "Defendant Currence had received prior complaints from

6

two other female parolees regarding Defendant Demetro demanding sex . . . ."   (*Id.* at 5, ¶ 20.)   Thus, Plaintiff states that Defendant Currence, as WVDCR Parole Services Supervisor, was "on notice" of Defendant Demetro's inappropriate behavior and "knew or reasonably should have known" that the failure to intervene heightened the danger of sexual abuse to Plaintiff and other female offenders under parole supervision of Defendant Demetro."   (*Id.* at 13–14, ¶ 70.)

For the second element, Plaintiff claims, "[n]otwithstanding these troubling prior allegations of sexual abuse by offenders under supervision by Defendant Demetro," (*id.* at 14, ¶ 73), that "Defendant Currence and his employer declined to investigate these reports," (*id.* at 5, ¶ 21). Plaintiff specified Defendant Currence's alleged inadequate response:

> [Defendant Currence] continued to employ Defendant Demetro, took no measures to ensure that he was not allowed to interact with female offenders under his supervision, took no measure to ensure the safety, security, and constitutional rights of female offenders under Defendant Demetro's supervision, including Plaintiff, and failed to properly monitor, train, and supervise Defendant Demetro.

(*Id.* at 14, ¶ 73.)   Plaintiff describes Defendant Currence's actions as "intentional, malicious, and/or in reckless disregard" of Plaintiff's rights.   (*Id.* at 18, ¶ 93; *see also id.* at 21, ¶ 108 (describing Defendant Currence's actions as "intentional, reckless, willful, and wanton").)

For the third element, Plaintiff alleges that if Defendant Currence had properly supervised or disciplined Defendant Demetro, then the sexual abuse of Plaintiff in this case could have been prevented.   (*See id.* at 15, ¶ 76.)   Thus, Plaintiff asserts that she suffered injuries "[a]s a direct and proximate result of" Defendant Currence's "actions and/or inactions."   (*Id.* at 15, ¶ 77; *id.* at 19, ¶ 96; *see also id.* at 21, ¶ 109.)

Taken together, these factual allegations are sufficient to allege § 1983 supervisory liability claims against Defendant Currence.   If nothing else, Plaintiff's § 1983 claims against Defendant Currence are not "clearly insufficient or frivolous on [their] face."   *Johnson*, 785 F.2d at 510.   Thus,

Plaintiff's motion is **GRANTED** insofar as she seeks to assert the additional claims against Defendant Currence.

### IV.    CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint, (ECF No. 21), and **DIRECTS** the Clerk to docket the attached "Proposed Amended Complaint," (ECF No. 21-1 at 1–30), as Plaintiff's operative pleading in this case.[3]   Defendants shall respond to the newly amended pleading within fourteen (14) days of service, as required by Federal Rule of Civil Procedure 15(a).   *See* Fed. R. Civ. P. 15(a)(3).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          January 25, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

---

[3] Plaintiff attached Jones's plea agreement to the Proposed Amended Complaint, (ECF No. 21-1 at 31–47), which is not to be included when the Proposed Amended Complaint is docketed as Plaintiff's operative pleading.