IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

A.M.

                Plaintiff,

v.                                                                CIVIL ACTION NO. 2:22-cv-00421

ANTHONY DEMETRO, et al.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's ("WVDCR") Motion to Dismiss Plaintiff's Revised Second Amended Complaint. (ECF No. 72.) For the reasons discussed below, the motion is **GRANTED**.[1]

I.    BACKGROUND

Plaintiff filed the present lawsuit in federal court on September 9, 2022, and filed an Amended Complaint on November 18, 2022. (ECF No. 41.) Plaintiff then filed a Revised Second Amended Complaint on August 8, 2023, that complied with the federal pleading standards. (ECF No. 68.) Therein, Plaintiff alleges 34 causes of action against four named defendants, including WVDCR. *Id.*

As to WVDCR, Plaintiff asserts seven claims: negligence (Count 13); negligent training

---

[1] Also pending before the Court is WVDCR's Motion for Summary Judgment. (ECF No. 83.) Because WVDCR's Motion to Dismiss is granted herein, the Motion for Summary Judgment is **DENIED** as **MOOT**.

1

(Count 18); negligent supervision (Count 21); negligent retention (Count 24); vicarious liability (Count 25); deliberate indifference (Count 28); and outrage (Count 32). (*Id.* at 44–85.) Importantly, Plaintiff concedes that WVDCR is a "West Virginia State agency." (*Id.* at 4, ¶ 8.)

Defendant WVDCR filed the pending motion to dismiss on August 22, 2023. (ECF No. 72.) Plaintiff timely filed a response, (ECF No. 75), to which WVDCR timely replied, (ECF No. 77). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

A state's sovereign immunity under the Eleventh Amendment "is not truly a limit on the subject matter jurisdiction of federal courts, but a block on that jurisdiction." *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."). Given this nexus between subject matter jurisdiction and sovereign immunity, the Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Rule 12(b)(1) or Rule 12 (b)(6). *See Wriston v. W. Va. Dep't of Health & Hum. Res.*, No. 2:20-cv-614, 2021 WL 4150709, at *2 (S.D. W. Va. Sept. 13, 2021). However, when a party challenges the sufficiency—rather than truthfulness—of a complaint's allegations to sustain the court's jurisdiction, as done here, the court "must accept the allegations as true and proceed to consider the motion as it would a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Id.* (quoting *Price v. W. Va. Air Nat'l Guard, 130th Airlift Wing*, No. 2:15-cv-11002, 2016 WL 3094010, at *2 (S.D. W. Va. June 1, 2016)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (finding that 12(b)(1)

attacks asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based . . . [are] afforded the same procedural protection as . . . a Rule 12(b)(6) consideration").

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, courts first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Courts then "assume[s] the[ ] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient

factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

WVDCR moves to dismiss all claims alleged against it in the Revised Second Amended Complaint. To that end, WVDCR sets forth three grounds for dismissal. (ECF No. 73 at 5.) First, WVDCR argues that, as a West Virginia state agency, it is entitled to sovereign immunity under the Eleventh Amendment. Second, WVDCR asserts that it is not a "person" and, as such, is not subject to suit under 42 U.S.C. § 1983. Third, WVDCR claims that it is entitled to qualified immunity. Because suit is barred by the Eleventh Amendment, the Court only addresses the first basis for dismissal.

"The Eleventh Amendment bars suits in federal court by citizens against unconsenting states and state agencies." *Jemsek v. Rhyne*, 662 F. App'x 206, 210 (4th Cir. 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100); *see also Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). However, "[t]he Eleventh Amendment bar to suit is not absolute." *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Three narrow exceptions exist to that constitutional limitation on authority. *Lee-Thomas v. Prince George's Cnty. Public Schools*, 666 F.3d 244, 248 (4th Cir. 2012). First, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (internal quotation marks and alterations omitted). Second, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal

4

law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Third, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002).

Curiously, Plaintiff expressly concedes that "[n]one of the exceptions to the Eleventh Amendment protections apply to this case."[2] (ECF No. 75 at 12.) Rather, Plaintiff asserts that the Eleventh Amendment only applies to "claims seeking monetary damages for constitutional violations, which are not asserted against WVDCR in this matter." (*Id.*). Plaintiff is wrong on two fronts.

First, Plaintiff's contention directly conflicts with the text of the Eleventh Amendment itself, which bars "any suit in *law or equity*." U.S. Const. amend. XI. Additionally, an abundance of caselaw shows that the protections of the Eleventh Amendment extend beyond constitutional claims. *See, e.g.*, *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 747 (2002) (holding that the Eleventh Amendment barred suit against state for alleged violation of the Shipping Act of 1984, a federal statute); *see also Pennhurst*, 465 U.S. at 100 (stating that the Eleventh Amendment bars suit "regardless of the nature of the relief sought").

Second, Plaintiff only relies on two *non-binding* cases—*Carroll v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:14-17012, 2015 WL 1395886 (S.D. W. Va. Mar. 25, 2015) and *Roach v. Burke*, 825 F. Supp. 116 (N.D. W. Va. 1993)—without providing any pincite or explanation of how those cases purportedly support her assertion. (ECF No. 75 at 12.) To make matters worse,

---

[2] Importantly, even if Plaintiff had argued that the State of West Virginia waived sovereign immunity under W. Va. Code § 29–12–5, her argument would still fail, as the West Virginia Supreme Court of Appeals (WVSCA) has interpreted § 29-12-5 to "appl[y] only to immunity under the *West Virginia Constitution*. . . ." *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 662 (2015) (italics in original); see also *Westinghouse Elec. Corp. v. W. Virginia Dep't of Highways*, 845 F.2d 468 (4th Cir. 1988) (concluding that § 29-12-5 "can, at most, be construed as waiving the state's immunity from suit in *state* court" not federal court).

Plaintiff's interpretation of both cases is patently wrong. In *Carroll*, the court raised the issue of Eleventh Amendment sovereign immunity *sua sponte* before concluding that none of the three exceptions applied and, therefore, all claims against the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA") and the administrator, in his official capacity, were barred. *Carrol* at *2 (dismissing both constitutional claims and garden variety state law claims). Worse, in *Roach*, the court held that the Eleventh Amendment barred the plaintiff's claims under 42 U.S.C. § 1983 without even conducting an in-depth analysis of the scope of Eleventh Amendment sovereign immunity. 825 F. Supp. at 117.

As such, Plaintiff's claim that these cases limit the scope of Eleventh Amendment protections to constitutional violations is spurious at best, if not patently misleading. At bottom, WVDCR is entitled to sovereign immunity under the Eleventh Amendment.

Accordingly, Defendant WVDCR's motion to dismiss Plaintiff's claims against it is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant WVDCR's Motion to Dismiss, (ECF No. 72), and **DISMISSES** Defendant WVDCR from this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 19, 2024

_____
THOMAS E. JOHNSTON, CHIEF JUDGE